UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| OCTAVIAN HENDERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:11CV169 HEA |
| | ) | |
| S&W FORECLOSURE CORPORATION, | ) | |
| et al.,` | ) | |
| | ) | |
| Defendants, | ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Defendants S&W Foreclosure Corporation, Shapiro & Weisman, LC and Jeffrey Weisman's Joint Motion to Dismiss, [Doc. No. 10] and Defendant Wells Fargo Bank, NA's Motion to Dismiss, [Doc. No. 18]. Plaintiff has failed to respond to either motion. For the reasons set forth below, all motions are granted.

**Facts and Background**

Plaintiff filed this *pro se* Complaint alleging Defendants have violated his rights guaranteed under the United States Constitution, Amendments 14 and 9 and have violated the Fair Debt Collection Practices Act, (FDCPA), 15 U.S.C. § 1692 *et seq* . Plaintiff alleges that on July 10, 2011, he received a letter from Defendant

Shapiro & Weisman, LC stating that it had been retained by Defendant Wells Fargo Bank NA to initiate proceedings to foreclose on a defaulted loan. Plaintiff alleges he was unaware of the loan. Further, Plaintiff alleges that he disputed the debt and requested a validation through certified mail. Plaintiff claims he did not receive a response.

The Complaint also alleges that Plaintiff was advised in the letter that the subject property, 1626 Seifert Dr., Poplar Bluff, Missouri would be sold to the highest bidder on September 1, 2011. Plaintiff alleges he sent another certified later, to which Defendants did not respond. Plaintiff seeks $2.4 million

**Discussion**

**Standard of Review**

When ruling on a motion to dismiss for failure to state a claim, the Court must take as true the alleged facts and determine whether they are sufficient to raise more than a speculative right to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). The Court does not, however, accept as true any allegation that is a legal conclusion. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-50 (2009). The complaint must have "'a short and plain statement of the claim showing that the [plaintiff] is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at 555

(quoting Fed.R.Civ.P. 8(a)(2)) and then *Conley v. Gibson*, 355 U.S. 41, 47 (1957), abrogated by *Twombly*, supra); see also *Gregory v. Dillard's Inc.*, 565 F.3d 464, 473 (8th Cir.) (en banc), cert. denied, 130 S.Ct. 628 (2009). While detailed factual allegations are not necessary, a complaint that contains "labels and conclusions," and "a formulaic recitation of the elements of a cause of action" is not sufficient. *Twombly*, 550 U.S. at 555; accord *Iqbal*, 129 S.Ct. at 1949. The complaint must set forth "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; accord *Iqbal*, 129 S.Ct. at 1949; *C.N. v. Willmar Pub. Sch., Indep. Sch. Dist. No. 347*, 591 F.3d 624, 629-30 (8th Cir.2010); *Zutz v. Nelson*, 601 F.3d 842, 848 (8th Cir. 2010); *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. If the claims are only conceivable, not plausible, the complaint must be dismissed. *Twombly*, 550 U.S. at 570; accord *Iqbal*, 129 S.Ct. at 1950. In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "the complaint should be read as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible." *Braden*, 588 F.3d at 594. The issue in considering such a motion is not whether the plaintiff will ultimately prevail, but whether the plaintiff

is entitled to present evidence in support of the claim. See *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

The court does not consider matters outside the pleadings under Rule 12(b)(6). *See* Fed.R.Civ.P. 12(d). The court, however, may consider matters of public record and materials that are “necessarily embraced by the pleadings.” See *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir.1999) (citation and internal quotation marks omitted). In this case, the pleadings embrace the promissory note signed by Plaintiff's late wife, Velma Johnson to Defendant Wells Fargo Bank, NA. Likewise, the pleadings embrace the deed of trust signed by both Velma Johnson and Plaintiff.

**Constitutional Claims**

Plaintiff's Complaint attempts to set forth a claim under the Fourteenth Amendment and the Ninth Amendment. Plaintiff, however, has quite simply failed to state a cause of action under the Fourteenth Amendment as he has neither pleaded a state action, nor has he brought claims against any state actors. *Lugar v. Edmonton Oil Co., Inc.*, 457 U.S. 922, 924 (1982). Plaintiff has failed to allege any state action and/or action taken by state actors or any individuals acting under color of state law.

As to Plaintiff's Ninth Amendment claim, Plaintiff has not, and indeed

cannot, set forth a claim. The Ninth Amendment provides that "[t]he enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people." U.S. Const., Amend. IX. Accordingly, the Ninth Amendment does not independently secure any constitutional right. *Vega–Rodríguez v. Puerto Rico Tel. Co.*, 110 F.3d 174, 182 (1st Cir.1997); see also *Gibson v. Matthews*, 926 F.2d 532, 537 (6th Cir.1991). It "refers only to unenumerated rights, while claims under § 1983 must be premised on specific constitutional guarantees." *Bussey v. Phillips*, 419 F.Supp.2d 569 (S.D.N.Y.2006); see also *Khalid v. Reda*, 2003 WL 42145, at p. 6 (S.D.N.Y.2003)(unpublished); *Gibson*, 926 F.2d at 537 (dismissing Plaintiffs' Ninth Amendment claim on the ground that "the ninth amendment does not confer substantive rights in addition to those conferred by other portions of our governing law."); *DeLeón v. Little*, 981 F.Supp. 728, 734 (D.Conn.1997) (holding that "the [Ninth Amendment] does not guarantee any constitutional right sufficient to support a claim under 42 U.S.C. § 1983."). The motions are therefore well taken as to Plaintiff's Fourteenth and Ninth Amendment claims.

**FDCPA Claims**

Congress enacted the FDCPA "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from

using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692e.

The FDCPA requires that an entity collecting a debt make certain disclosures to the person from whom it attempts to collect a debt. These disclosures include: (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor. FDCPA, 15 U.S.C. § 1692g(a).

In the event the consumer notifies the debt collector, in writing, within thirty days that the debt at issue is disputed, the debt collector is required by the

FDCPA, § 1692g(b), to "cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment." Further, the FDCPA does not require that an independent investigation of the validity of a debt referred for collection be conducted. ***Jenkins v. Heintz,*** 124 F.3d 824, 828 (7th Cir.1997).

Plaintiff's Complaint is merely "a formulaic recitation of the elements of a cause of action" which is not sufficient under Rule 12(b)(6). ***Twombly***, 550 U.S. at 555; accord ***Iqbal***, 129 S.Ct. at 1949. Plaintiff's Complaint fails to set forth "enough facts to state a claim to relief that is plausible on its face." ***Twombly***, 550 U.S. at 570; accord ***Iqbal***, 129 S.Ct. at 1949; ***C.N.,*** 591 F.3d at 629-30; ***Zutz,*** 601 F.3d at 848; ***Braden***, 588 F.3d at 594. Plaintiff fails to set forth sufficient facts to establish that Defendants are "debt collectors." Moreover, Plaintiff has only alleged that Defendants sent and published *foreclosure notices*. While Section 1692a(6) applies to any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests, its application only applies for the purposes of section 1692f(6). Section 1692f(6) provides that it is an unfair practice to take or threaten non-judicial action to effect dispossession of property if *there is no present right to possession through an enforceable security interest, no present*

*intention to take possession, or the property is exempt from dispossession under law*. None of these situations have been plead by Plaintiff to set out a claim under the FDCPA. Plaintiff merely sets out that he received foreclosure letters, asked for verification, without any indication of when the verification was requested, and that he received no responses to his letters. Plaintiff's Complaint fails to satisfy the *Twombly* standard to state a claim for a violation of the FDCPA.

## Conclusion

Plaintiff's Complaint fails to sufficiently alleges a FDCPA claim. The motion to dismiss this claim will be granted. Plaintiff will be given the opportunity to amend the FDCPA claim. As to the Constitutional Claims, because Plaintiff has failed to set out any basis for any state action, the Fourteenth Amendment Claim is dismissed. Likewise, Plaintiff's Ninth Amendment Claim is dismissed, as discussed herein.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants S&W Foreclosure Corporation, Shapiro & Weisman, LC and Jeffrey Weisman's Joint Motion to Dismiss, [Doc. No. 10], and Defendant Wells Fargo Bank, NA's Motion to Dismiss, [Doc. No. 18], are **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff is given 14 days from the date

of this Opinion, Memorandum and Order to file an Amended Complaint as to his claims under the Federal Debt Collections Practices Act.

**IT IS FURTHER ORDERED** that Plaintiff's Fourteenth and Ninth Amendment claims are dismissed.

Dated this 9th day of January, 2012.

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE